IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, #105591, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10-CV-842-TMH |
| ) | [WO] |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Jimmy Frank Cameron ["Cameron"], a state inmate and frequent federal litigant, in which he alleges the defendants acted with deliberate indifference to his medical needs by refusing to refer him to an orthopedic specialist in 2009 regarding pain in his shoulders. Cameron alleges this pain resulted from injuries suffered in a 1982 motor vehicle accident and a fall during his incarceration at the Draper Correctional Facility in September of 2008. The defendants filed special reports and supporting evidentiary materials, including relevant medical records and affidavits from Dr. James P. Whitley, addressing the claims raised by Cameron.

On October 3, 2011, Cameron filed a motion for preliminary injunction (Court Doc. No. 58) in which he challenges medical treatment provided to him in September of 2011 at the Bibb Correctional Facility for swollen ankles and seeks injunctive relief requiring

health care personnel at this facility to provide him treatment which he deems adequate for this condition. Upon review of the motion for preliminary injunction and the objective evidentiary materials contained in the record, the court concludes this motion is due to be denied.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Cameron demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary

injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds Cameron has failed to demonstrate a substantial likelihood of success on the merits of his claims raised in the complaint pending before this court. Cameron also fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the requested injunction would adversely impact the ability of health care personnel to provide medical treatment to the plaintiff in accordance with their professional judgment. Finally, the

public interest element of the equation is, at best, a neutral factor at this juncture. Moreover, the requested injunction in no way impacts the merits of the claims presented in the instant cause of action. Thus, Cameron has failed to meet his burden of demonstrating the existence of the necessary prerequisites for issuance of a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on October 3, 2011 be DENIED.[1]

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before October 28, 2011 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and

---

[1] The plaintiff is advised that if he seeks to challenge the constitutionality of the medical treatment currently being provided to him at the Bibb Correctional Facility he may do so by filing a separate 42 U.S.C. § 1983 action with the United States District Court for the Northern District of Alabama.

shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 11th day of October, 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE